FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2020 JUL 22  AM 11: 14

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DISTRICT

UNITED STATES OF AMERICA

v.

JASON CORY

CASE NO. 3:20-cr-99-J-34JRK
18 U.S.C. § 1343
18 U.S.C. § 1957

## INDICTMENT

The Grand Jury charges:

## COUNTS ONE THROUGH THREE
### (Wire Fraud)

### A.  Introduction

At times relevant to this Indictment:

1.     JASON CORY was a resident of Duval County, Florida, and the Chief Executive Officer ("CEO") of an information technology services company that operated in the Middle District of Florida and elsewhere (referred to herein as the "IT Company").

2.     The IT Company, which CORY helped found in or around January 2017, provided services related to the outsourcing of computer coding services, data hosting, and software development to its clients.

3.     In or around July 2017, the IT Company acquired a California-based information technology company (referred to herein as the "Subsidiary").

CORY spearheaded the IT Company's corporate mergers and acquisitions efforts, including its acquisition of the Subsidiary.

4.     Gambit Matrix LLC (referred to herein as "Gambit") was a Florida limited liability corporation established by CORY in or around January 2015.   Gambit never performed any legitimate, substantive business activities, and it was dissolved in or about September 2016.   At all times relevant to this Indictment, however, CORY maintained and controlled a bank account with an account number ending in 5543 at Bank of America in the name of Gambit, an account which had been opened in the Middle District of Florida.

### B.   The Scheme to Defraud

5.     From an unknown date but at least by in or around March 2017, and continuing through and including in or around at least March 2019, in the Middle District of Florida, and elsewhere, the defendant,

### JASON CORY,

did knowingly and with intent to defraud, devise, and intend to devise, a scheme and artifice to defraud, and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises.

### C.   Manner and Means of the Scheme

6.     The manner and means used to accomplish the scheme and artifice to defraud included, among others, the following:

2

a.      It was part of the scheme and artifice to defraud that CORY would and did control operations at the IT Company.  In so doing, CORY made himself a signatory over the IT Company's business bank account, and could authorize payments out of that account without anyone else's permission. CORY could also direct payments be made out of the Subsidiary's business bank account.

b.      It was further part of the scheme and artifice to defraud that CORY would and did solicit investments in the IT Company in exchange for shares.

c.      It was further part of the scheme and artifice to defraud that CORY would and did use Gambit to receive fraudulently obtained payments from the IT Company and the Subsidiary for consulting services purportedly performed by Gambit, when in truth and fact, Gambit offered no services or products to the IT Company or the Subsidiary.

d.      It was further part of the scheme and artifice to defraud that CORY would and did authorize and direct the authorization of payments to Gambit from the IT Company and the Subsidiary, for CORY's use and benefit.

e.      It was further part of the scheme and artifice to defraud that CORY would and did conceal the funds he stole and embezzled from the IT Company and the Subsidiary by, among other things:

3

(1)     falsely representing to board members and employees of the IT Company that CORY had no controlling interest in Gambit, when in truth and fact Gambit was a shell company controlled by CORY to receive embezzled funds;

(2)     creating fictitious owners of Gambit by setting up e-mail accounts and social media profiles for these false identities, and attempting to convince individuals to falsely portray those fictitious owners in conversations with IT Company personnel;

(3)     making false statements to and concealing information from individuals working for and at the IT Company when they questioned the payments to and invoices from Gambit; and

(4)     falsifying an invoice and a contract between the IT Company and the defunct Gambit entity, to make it appear as if Gambit had been providing legitimate consulting services to the IT Company in exchange for the funds CORY had stolen, when in truth and fact Gambit performed no services for either the IT Company or the Subsidiary.

f.     It was further part of the scheme and artifice to defraud that CORY would and did cause wire transfers of funds to be sent across state lines from bank accounts belonging to the IT Company and the Subsidiary to the bank account belonging to Gambit.

4

g.      It was further part of the scheme and artifice to defraud that CORY would and did perform acts and make statements to hide and conceal, and cause to be hidden and concealed, the purpose of the scheme and the acts committed in furtherance thereof.

### D.  Interstate Wire Transmissions

7.      On or about the dates set forth below, in the Middle District of Florida, and elsewhere, the defendant,

### JASON CORY,

for the purpose of executing and attempting to execute the aforesaid scheme and artifice to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representations and promises, did knowingly, and with intent to defraud, transmit and cause to be transmitted by wire:

| COUNT | DATE | INTERSTATE WIRE |
|-------|------|-----------------|
| ONE | November 16, 2018 | A bank wire transfer request sent by computer via the internet from Jacksonville, Florida, to North Carolina in the amount of $5,495.17. |
| TWO | December 26, 2018 | A bank wire transfer request sent by computer via the internet from Jacksonville, Florida, to North Carolina in the amount of $5,897.56. |
| THREE | January 23, 2019 | A bank wire transfer request sent by computer via the internet from |

5

| | | Jacksonville, Florida, to North Carolina in the amount of $5,465.32. |
| --- | --- | --- |

All in violation of 18 U.S.C. §§ 1343, 1349, and 2.

## COUNT FOUR
### (Illegal Monetary Transactions)

1.      The Grand Jury hereby realleges Paragraphs One through Four of Counts One through Three of this Indictment and incorporates such paragraphs by this reference as though fully set forth herein.

2.      On or about January 15, 2019, in the Middle District of Florida, and elsewhere, the defendant,

**JASON CORY,**

did knowingly engage and attempt to engage in a monetary transaction, and aided and abetted others in engaging in a monetary transaction, in and affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity, that is, wire fraud, in violation of 18 U.S.C. § 1343, as charged in Counts One through Three, specifically: a wire transfer in the amount of $11,630.30 as payment for a Rolex Daytona Steel Yellow Gold White Dial Automatic Men's Watch.

In violation of 18 U.S.C. §§ 1957 and 2.

6

## FORFEITURE

1.      The allegations contained in Counts One through Four of this Indictment are incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and 18 U.S.C. § 982(a)(1).

2.      Upon conviction of a violation of 18 U.S.C. § 1343, the defendant, JASON CORY, shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the violation.

3.      Upon conviction of a violation of 18 U.S.C. § 1957, the defendant, JASON CORY, shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(1), any property, real or person, involved in such offense, or any property traceable to such property.

4.      The property to be forfeited includes, but is not limited to, the following:

        a.      the sum of at least $547,071.10, which represents the proceeds of the wire fraud offense; and

        b.      the sum of $11,630.30, which represents the amount involved in the money laundering offense.

5.      If any of the property described above, as a result of any act or omission of the defendant:

7

a.  cannot be located upon the exercise of due diligence;

b.  has been transferred or sold to, or deposited with, a third

party;

c.  has been placed beyond the jurisdiction of the Court;

d.  has been substantially diminished in value; or

e.  has been commingled with other property which cannot be

divided without difficulty;

the United States shall be entitled to forfeiture of substitute property under the

provisions of 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c) and 18

U.S.C. § 982(b)(1).

A TRUE BILL,

Foreperson

MARIA CHAPA LOPEZ
United States Attorney

By: David B. Mesrobian
Assistant United States Attorney

By: Kelly Karase
Assistant United States Attorney
Deputy Chief, Jacksonville Division

FORM OBD-34
1/30/20 Revised

No.

# UNITED STATES DISTRICT COURT
## Middle District of Florida
### Jacksonville Division

THE UNITED STATES OF AMERICA

vs.

JASON CORY

# INDICTMENT

Violations:   Counts 1-3:  18 U.S.C. § 1343
              Count 4:     18 U.S.C. § 1957

A true bill,

_____
Foreperson

Filed in open court this 22nd day

of July , 2020 .

_____
Clerk

Bail  $ _____

GPO 865 525