**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

vs.	Case No. 3:20-cr-99-MMH-JRK

JASON CORY

## O R D E R

### I. Status

This cause is before the Court on Non-Parties, Sharedlabs Inc., Kishore Khandevalli, and Cesar Castillo's Motion to Quash Subpoenas Duces Tecum and Memorandum of Law (Doc. No. 65; "Motion"), filed April 14, 2021. Defendant responded in opposition to the Motion on April 28, 2021. See Defendant's Response to Non-Parties, Sharedlabs, Inc., Kishore Khandevalli, and Cesar Castillo's Motion to Quash Subpoenas Duces Tecum (Doc. No. 67). For the reasons stated below, the Motion is due to be granted in part and denied in part.

### II. Procedural Background

Defendant was charged on July 22, 2020 in a four-count indictment with wire fraud, in violation of 18 U.S.C. §§ 1343, 1349, and 2 (Counts I-III), and engaging in illegal monetary transactions, in violation of 18 U.S.C. §§ 1957 and 2 (Count IV). See Indictment (Doc. No. 1). On the same date, the Government

filed a Motion for Capias (Doc. No. 2) that the Court granted. See Order (Doc. No. 3), entered July 22, 2020. An arrest warrant was issued, and on August 12, 2020, Defendant self-surrendered and made his initial appearance. See Minute Entry (Doc. No. 9). Defendant was arraigned on August 20, 2020. See Minute Entry (Doc. No. 21). He pleaded not guilty. Id.

Relevant to the instant Motion, on November 4, 2020, Defendant filed a Motion for Rule 17(c) Subpoenas and Incorporated Memorandum of Law (Doc. No. 30; "Motion for Subpoenas") and an accompanying ex parte sealed declaration of his counsel regarding the need for the subpoenas (Doc. No. S-33). After the Government responded (Doc. No. 36), Defendant replied with leave of Court (Doc. Nos. 38, 42), and the Government sur-replied with leave of Court (Doc. Nos. 38, 43). The undersigned on February 18, 2021 held a videoconference hearing on the Motion for Subpoenas. See Minute Entry (Doc. No. 48); In Camera Transcript of In Camera, Ex Parte Portion of Hearing (Doc. No. S-75), filed August 12, 2021.[1] At the end of the hearing, Defendant was

---

[1] The February 18, 2021 hearing was recorded via the Court's hearing recording system. When a court reporter later went to transcribe the hearing, large portions of the hearing were not able to be transcribed—particularly most portions in which counsel spoke—because they were inaudible on the recording. It appears that incoming audio from the "Zoom" conference was not adequately captured by the Court's recording system.

The issues presented in the instant Motion do not require consideration of the arguments made during the hearing on the Motion for Subpoenas. In fact, as explained later, the undersigned has sua sponte reconsidered the ruling on the Motion for Subpoenas through this Order, with the benefit of the instant Motion and Response thereto, as well as all of the original filings on the Motion for Subpoenas.

directed to submit modified proposed subpoenas. He did so. The undersigned then entered an Order on February 23, 2021 granting the Motion for Subpoenas and directing the service of the modified subpoenas but noting that the receiving parties were not "prevent[ed from] filing motions to quash after the subpoenas are issued." Order (Doc. No. 49), at 4-5. Thereafter, the instant Motion and Response were filed.

Trial is currently set for the trial term commencing on December 6, 2021. See Order (Doc. No. 62), entered April 7, 2021.

### III. Discussion

Rule 17(c), Federal Rules of Criminal Procedure ("Rule(s)"), governs the use of subpoenas duces tecum in criminal proceedings and allows courts to "direct the witness to produce the designated items in court before trial or before they are to be offered in evidence." Fed. R. Crim. P. 17(c). Rule 17(c) "was not intended to provide a means of discovery for criminal cases"; rather, "its chief innovation was to expedite the trial by providing a time and place before trial for the inspection of subpoenaed materials." United States v. Nixon, 418 U.S. 683, 698-99 (1974); see also United States v. Silverman, 745 F.2d 1386, 1397 (11th Cir. 1984) (recognizing that Rule 17(c) "was not intended to provide an additional means of discovery for any party in criminal cases" (citation omitted)).

- 3 -

To obtain the production of information under Rule 17(c), a party must show the following:

> (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general "fishing expedition."

Nixon, 418 U.S. at 699-700. The party must therefore "clear three hurdles: (1) relevancy; (2) admissibility; (3) specificity." Id. at 700.

Once a subpoena is authorized and served, Rule 17(c)(2) allows a non-party to move to quash a subpoena: "[o]n motion made promptly, the court may quash or modify the subpoena <u>if compliance would be unreasonable or oppressive</u>." Fed. R. Crim. P. 17(c)(2) (emphasis added). In ruling on such a motion to quash, a court "must reconsider the Nixon standard in determining whether compliance with the subpoena would be unreasonable or oppressive." United States v. Thompson, 310 F.R.D. 542, 545 (S.D. Fla. 2015) (quotation and citation omitted).

Here, Non-parties first argue the material sought by the subpoenas is irrelevant and inadmissible, and the subpoenas are not specific. Motion at 7-11. Next, they contend that compliance with the subpoenas would be unreasonable and oppressive. Id. at 11-15. In attempting to convince the Court that they should not have to comply, Non-parties argue that the use of

the terms such as "all documents," "all minutes," "all emails," "any other officer, director, or employee," and "any other agreements" shows "Defendant is merely improperly using the subpoenas to search for and attempt to procure more discovery." Id. at 12. Non-parties also argue "the overbroad language renders the requests not proportional to the needs of the case and the extreme burden and expense on the [N]on-parties outweighs the requests' purported benefit." Id. at 13. They give an estimate of an expected "100 hours of work" to respond, generally citing "investigating, searching, compiling, and responding." Id. Non-parties represent, "[u]pon information and belief, there is no reliable central depository where documents are stored or could be found due to prior record-keeping practices and e-mail retention protocols at SharedLabs." Id. at 14. As to burden, Non-parties state that "[i]t is likely that the contents of the requests based on the scope of time, content, and persons involved would comprise of an incalculable number of pages." Id. at 14-15.

According to Non-parties, Defendant should already have the subpoenaed documents from SharedLabs, given that he was "the sole board member and head of the company[] prior to any subsequent individuals joining the board." Id. at 14. Non-parties also state that the subpoenaed information contains "confidential, sensitive information[] as well as attorney-client and work-product information and potentially confidential trade secret or proprietary information.[]" Id. at 15.

Responding, Defendant argues the only grounds upon which Non-parties may move to quash are unreasonableness or oppression. Response at 1-2. According to Defendant, Non-parties have the burden, and they have failed to meet it with affidavits or other evidence. Id. at 2-3. Defendant then provides reasons why his counsel believes compliance is not unreasonable or oppressive. Id. at 3-7. As to the claim of privilege, Defendant characterizes it as painting with a "broad brush" and argues that Non-parties either should produce a privilege log or the Court should issue a protective order governing such information. Id. at 8-10.

In the Order entered on February 23, 2021, after hearing from the Government, from Defendant (ex parte), and reviewing the declaration of Defendant's counsel filed ex parte and under seal, the undersigned found the Nixon requirements were met as to the amended versions of the subpoenas that Defendant submitted after the hearing. Regardless of whether Non-parties are permitted to raise the Nixon-types of objections under Rule 17, the undersigned has sua sponte reconsidered the previous findings. To that end, the undersigned determines that the Nixon requirements are met as to paragraphs 3-7 and 9 of the SharedLabs subpoena and as to the entire subpoena to Kishore Khandavalli (consisting of one paragraph). The undersigned therefore declines to alter the previous findings regarding relevancy,

admissibility, and specificity as to these specific paragraphs.[2]  See, e.g., United States v. Wey, 252 F. Supp. 3d 237, 254 (S.D.N.Y. 2017) ("[T]he Court has already determined in ex parte proceedings that the Subpoena—as modified in light of the overbreadth and admissibility concerns articulated upon [the defendant's] original application—satisfies the requirements of Rule 17(c).").

The undersigned also has determined that compliance with these specific paragraphs does not subject the Non-parties to such a burden that compliance would be unreasonable or oppressive. See, e.g., United States v. Martinov, No. CR11-00312 SBA-1 (KAW), 2012 WL 3987329, at *2-3 (N.D. Cal. Sept. 11, 2012) (unpublished) (declining to quash a subpoena when the non-party "argued . . . that the document requests were vague, ambiguous, and overbroad, but could not convincingly articulate how that was so" and "[did] not explain why it [would] take 'weeks' to find the documents, or provide an estimate of how many documents will need to be produced, or why the documents might be attorney-client privileged"). Nor is the undersigned convinced by Non-parties' assertion that Defendant should have the documents he subpoenaed from SharedLabs.

Regarding paragraphs 1, 2, 8, and 10 of the SharedLabs subpoena[3] and

---

[2] As noted in the February 23, 2021 Order, the undersigned expresses no opinion as to the ultimate relevancy and admissibility of the items requested in the subpoenas.

[3] These paragraphs of the SharedLabs subpoena seek:

1. All emails regarding negotiations, discussions, or due diligence relating to the potential and eventual purchase of Resonate, Inc., by SharedLABS, or Peek Solutions,

the entire subpoena to Cesar Castillo (consisting of two paragraphs),[4] the undersigned upon further reflection determines that they do not meet the specificity requirements of Rule 17, <u>Nixon</u>, and its progeny. With respect to these paragraphs, Defendant "has demonstrated why he wants to look into the material, but he has not set forth what the subpoena's materials contain, forcing the court to speculate as to the specific nature of their contents and its

---

LLC, specifically, emails to and from Jason Cory, Cesar Castillo, Sam Farhad, Mark Dinkel, and Leonard Abbott, including any emails on which the referenced parties were copied or blind-copied, from January 1, 2017 to August 1, 2017.

2. All documents, including drafts, relating to the potential and eventual purchase of Resonate exchanged between Jason Cory, Cesar Castillo, Sam Farhad, Mark Dinkel, Leonard Abbott and ACE Business Brokers from January 1, 2017 to August 1, 2017.

8. All emails and preserved texts regarding invoices and payments between SharedLABS and Peek Solutions, LLC and/or Aaron Abbott or Leonard Abbott from June 2017 to May 2019.

10. All emails regarding any payments from SharedLABS to Resonate from June, 2017 through May, 2019, including any emails of Rene Carnes discussing or seeking explanations for any of these payments.

Doc. No. 49-1 at 4-5 (pagination assigned by CM/ECF).

[4] The subpoena to Cesar Castillo seeks:

1. All emails regarding negotiations, discussions, or due diligence relating to the potential and eventual purchase of Resonate, Inc., specifically, emails to and from Jason Cory, Sam Farhad, Mark Dinkel, Leonard Abbott, and ACE Business Brokers, including any emails on which the referenced parties were copied or blindcopied, from January 1, 2017 to September 1, 2017.

2. All documents, including drafts, relating to the potential and eventual purchase of Resonate, Inc. exchanged with Jason Cory, Sam Farhad, Mark Dinkel, Leonard Abbott and ACE Business Brokers from January 1, 2017 to August 1, 2017, including the Equity Purchase Agreement between Peek Solutions, LLC and HeeBeeGeeBee, Inc. and the Managed Services Agreement between SharedLABS and Resonate.

Doc. No. 49-1 at 12 (pagination assigned by CM/ECF).

relevance." United States v. Arditti, 955 F.2d 331, 346 (5th Cir. 1992). Defendant "has set forth . . . a category of materials, without a description of or reference to actual items known to exist." United States v. Carriles, 263 F.R.D. 400, 404 (W.D. Tex. 2009). "While these materials may exist in theory, [Defendant] has neither demonstrated that they exist in fact nor has he identified them with any degree of particularity." Id. For these reasons, these paragraphs are not specific enough to meet the requirements of Rule 17 and cases interpreting it. This lack of specificity ties in to a degree with Non-parties' claims that compliance would be unreasonable or oppressive. While Non-parties do not provide great detail or evidence on the level of burden they believe they will be subject to if required to search for the items, they have made certain representations that, if supported, confirm the problematic nature of the lack of specificity as to the requested groups of emails and documents: searching for them will be very time consuming and costly, and they are believed to be extremely voluminous. The subpoena is due to be quashed as to paragraphs 1, 2, 8, and 10 of the SharedLabs subpoena and the entire subpoena to Cesar Castillo (consisting of two paragraphs).

As to Non-parties' claims of various privileges and work-product protections over the remaining documents that are subjects of the subpoenas, "[w]hile 'unreasonable' and 'oppressive' are not defined under Rule 17, they have a common sense meaning, and courts finding a valid and specific privilege

may quash subpoenas on that ground." United States v. Simmons, 515 F. Supp. 3d 1359, 2021 WL 206354, at *4 (M.D. Ga. Jan. 20, 2021) (citations omitted). But, "when the ground for asserting privilege as to subpoenaed materials sought for use in a criminal trial is based only on the generalized interest in confidentiality, it cannot prevail over the fundamental demands of due process of law in the fair administration of criminal justice." Id. (quoting Nixon, 418 U.S. at 713). The undersigned has weighed the interests and concludes that Defendant's rights in this case generally trump the Non-parties' broad claims of privilege. If there are specific documents that Non-parties are ordered to produce over which they claim a privilege, they may either move the Court for a protective order (after conferring with Defendant regarding the substance of it), or, as a last alternative, they may seek in camera inspection of the document(s).

## IV. Conclusion

Based on the foregoing, it is

**ORDERED**:

1. Non-Parties, Sharedlabs Inc., Kishore Khandevalli, and Cesar Castillo's Motion to Quash Subpoenas Duces Tecum and Memorandum of Law (Doc. No. 65) is **GRANTED in part and DENIED in part**.[5]

---

[5] As explained previously, the decision to quash in part the subpoenas is based upon a sua sponte reconsideration of the undersigned's previous ruling regarding specificity of the subpoenas. Nevertheless, because the issue was brought to the Court's attention by

  2. The Motion is **GRANTED** to the extent that the SharedLabs subpoena is **QUASHED** as to paragraphs 1, 2, 8, and 10; and the subpoena to Cesar Castillo (consisting of two paragraphs) is **QUASHED** in its entirety.

  3. Otherwise, the Motion is **DENIED**.  Responsive documents shall be produced to Defendant on or before **September 10, 2021**.

  **DONE AND ORDERED** at Jacksonville, Florida, this 20th day of August, 2021.

              *James R. Klindt*
              JAMES R. KLINDT
              United States Magistrate Judge

kaw
Copies to:
Assistant U.S. Attorney (Mesrobian)
Todd Foster, Esquire
Kevin Darken, Esquire
Daryl Greenberg, Esquire
S. Jonathan Vine, Esquire

---

the instant Motion, the undersigned rules on the Motion rather than entering an Order on the issue <u>sua</u> <u>sponte</u>.