**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

v. Case No. 3:20-cr-99(S1)-MMH-LLL

JASON CORY

---

**ORDER**

**THIS CAUSE** is before the Court on Defendant Jason Cory's Partial Objection to Order on Non-parties, SharedLabs, Inc., Kishore Khandevalli, and Cesar Castillo's Motion to Quash Subpoenas Duces Tecum (Doc. 77; Objection), filed on September 3, 2021. SharedLabs, Khandevalli, and Castillo (collectively, the "Non-parties"), filed a response to the Objection on October 1, 2021. See Non-parties' Response in Opposition to Jason Cory's Objection to Order on Motion to Quash (Doc. 85; Non-parties' Response to Objection). Accordingly, the matter is ripe for the Court's consideration.

## I. Relevant Background

On November 4, 2020, pursuant to Rule 17(c), Federal Rules of Criminal Procedure (Rule(s)), Defendant moved for the issuance of subpoenas directed to the Non-parties and several other individuals ordering them to produce various records, emails, minutes, and other materials prior to trial. See Defendant's

Motion for Rule 17(c) Subpoenas and Incorporated Memorandum of Law (Doc. 30; Motion for Subpoenas). In support of the Motion for Subpoenas, Defendant filed a declaration of counsel ex parte and under seal for the Court's in camera review. See Defendant's Unopposed Motion for Ex Parte Filing, In Camera Review, and Sealing of the Declaration of Attorney Kevin J. Darken In Support of a Motion for Rule 17(c) Subpoenas Duces Tecum and Incorporated Memorandum of Law (Doc. 31); see also Declaration of Kevin J. Darken (Doc. S-33; Declaration).[1] On November 23, 2020, the Government filed a response in opposition to Defendant's Motion for Subpoenas. See United States' Response in Opposition to Motion for Rule 17(c) Subpoenas (Doc. 36). With leave of Court, Defendant filed a reply on December 8, 2020, see Defendant's Reply to the United States' Response in Opposition to Motion for Rule 17(c) Subpoenas (Doc. 42), and the Government filed a surreply a week later, see United States' Surreply in Opposition to Motion for Rule 17(c) Subpoenas (Doc. 43), on December 15, 2020. The Honorable James R. Klindt, United States Magistrate Judge, held a hearing on the matter on February 18, 2021. See Minute Entry (Doc. 48). Due to the confidential nature of the contents of the Declaration, he determined that a portion of the hearing should be held ex parte. See id. After the hearing, at Judge Klindt's direction, Defendant

[1] By Order dated November 5, 2020, the Court permitted Defendant to file the Declaration ex parte and under seal. See Order (Doc. 32).

submitted modified subpoenas.  See Transcript of Motion Hearing as to Jason Cory held on February 18, 2021 before Judge James R. Klindt (Doc. 58) at 13-14.  Judge Klindt then granted the Motion for Subpoenas and directed their service.  In doing so, however, Judge Klindt noted that the receiving parties were not "prevent[ed from] filing motions to quash after the subpoenas [we]re issued."  See Order (Doc. 49), filed on February 23, 2021.

On April 14, 2021, having been served with Defendant's subpoenas, the Non-parties moved to quash the subpoenas as unreasonable and oppressive. See Non-parties, SharedLabs, Inc., Kishore Khandevalli, and Cesar Castillo's, Motion to Quash Subpoenas Duces Tecum and Memorandum of Law (Doc. 65; Motion to Quash).  Defendant filed a response on April 28, 2021.  See Defendant's Response to Non-Parties, SharedLabs, Inc., Kishore Khandevalli, and Cesar Castillo's Motion to Quash Subpoenas Duces Tecum (Doc. 67; Response to Motion to Quash).  On August 20, 2021, Judge Klindt entered an Order granting the Motion to Quash as to the subpoena directed to Cesar Castillo and as to paragraphs 1, 2, 8, and 10 of the SharedLabs subpoena.  See Order (Doc. 76).  In all other respects Judge Klindt denied the Motion to Quash.  Id.  Thereafter, Defendant filed the instant Objection, requesting that the Court set aside Judge Klindt's order to the extent it granted the Motion to Quash and instead deny the Motion to Quash entirely.  See Objection.  The

Non-parties responded on October 1, 2021, requesting that the Court overrule the Objection.

## II. Standard of Review

Because Judge Klindt's August 20, 2021 decision to grant, in part, the Motion to Quash did not "dispose of a charge or defense," it is a nondispositive ruling.  See Fed. R. Crim. P. 59(a).  See Jordan v. Comm'r, Mississippi Dep't of Corr., 947 F.3d 1322, 1327-28 (11th Cir. 2020), cert. denied sub nom. Jordan v. Georgia Dep't of Corr., 141 S. Ct. 251, 208 L. Ed. 2d 25 (2020) (finding a magistrate judge's ruling on a non-party's motion to quash a subpoena was nondispositive and noting "[t]he Federal Magistrate's Act lists several examples of motions that qualify as dispositive matters . . . [u]nsurprisingly, a routine pretrial discovery motion, such as the motion to quash at issue in this case, is not included in this list of dispositive motions.") (citations omitted).  As such, to prevail in his Objection, Defendant must establish that Judge Klindt's ruling is clearly erroneous or contrary to law.  See Fed. R. Crim. P. 59(a); 28 U.S.C. § 636(b)(1)(A).  See also United States v. Cladek, Case No. 3:10-cr-277-J-32TEM, 2013 WL 12091686, at *1 (M.D. Fla. Aug. 1, 2013) ("Rule 59(a) . . . mandates the Court set aside or modify any part of a Magistrate Judge's order that is contrary to law or clearly erroneous.").

"Clear error is a highly deferential standard of review."  Holton v. City of Thomasville Sch. Dist., 425 F.3d 1325, 1350 (11th Cir. 2005) (citation

omitted).  "[A] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Id. (citations and quotations omitted).  A magistrate judge's order "is contrary to law 'when it fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" Botta v. Barnhart, 475 F. Supp. 2d 174, 185 (E.D.N.Y. 2007) (quoting Catskill Dev., L.L.C. v. Park Place Entm't Corp., 206 F.R.D. 78, 86 (S.D.N.Y. 2002)). See also Pigott v. Sanibel Dev., LLC, Civil Action No. 07-0083-WS-C, 2008 WL 2937804, at *5 (S.D. Ala. July 23, 2008) (similar) (citation omitted); Schaaf v. SmithKline Beecham Corp., Civil Action No. 1:04-cv-2346-GET, 2008 WL 489010, at *3 (N.D. Ga. Feb. 20, 2008) (similar) (citation omitted).[2]

## III. Summary of the Arguments

Defendant contends that Judge Klindt erred in finding that the Castillo subpoena and paragraphs 1, 2, 8, and 10 of the SharedLabs subpoena failed to satisfy the standard articulated by the United States Supreme Court in United

---

[2] The Court notes some authority that the "contrary to law" standard invites plenary review of a magistrate judge's legal conclusions. See e.g., Haines v. Liggett Grp., Inc., 975 F.2d 81, 91 (3d Cir. 1992); Milwaukee Carpenter's Dist. Council Health Fund v. Philip Morris, Inc., 70 F. Supp. 2d 888, 892 (E.D. Wis. 1999); Computer Econ., Inc. v. Gartner Grp., Inc., 50 F. Supp. 2d 980, 983 & n.2 (S.D. Cal. 1999).  In this Circuit, however, the "contrary to law" standard has been distinguished as more deferential than de novo review.  See Merritt v. Int'l Bhd. Of Boilermakers, 649 F.2d 1013, 1016-17 (5th Cir. Unit A June 1981) ("[A] magistrate['s nondispositive orders] are reviewable under the 'clearly erroneous and contrary to law' standard; they are not subject to a de novo determination as are a magistrate's proposed findings and recommendations.").

States v Nixon.[3] Objection at 7-17. Defendant also maintains that in applying the Nixon standard, Judge Klindt impermissibly granted the Non-parties' Motion to Quash on grounds other than unreasonable or oppressive. Id. at 1-19. In Response, the Non-parties argue that Judge Klindt correctly concluded that the Castillo subpoena and paragraphs 1, 2, 8, and 10 of the SharedLabs subpoena are unreasonable, oppressive, and lack the specificity required under Nixon. See Response to Objection at 10-13. As to Defendant's argument that Judge Klindt erred in reexamining the subpoenas for compliance with Nixon, the Non-parties contend that: (1) the Court must reconsider whether the subpoenas met the Nixon requirements on a motion to quash; (2) finding a subpoena unreasonable or oppressive is not the only grounds on which the Court can quash a subpoena under Rule 17(c); and (3) a determination that a subpoena is insufficient under Nixon necessarily means that the subpoena is unreasonable and/or oppressive. Id. at 3-10.

## IV. Analysis

After careful consideration of the Objection, the relevant authority, Judge Klindt's February 23, 2021 and August 20, 2021 Orders, and the arguments presented, the Court finds that Judge Klindt's decision to grant, in part, the Motion to Quash was neither clearly erroneous nor contrary to law. As an

---

3 See United States v. Nixon, 418 U.S. 683, 690 (1974) (finding that to be entitled to the issuance of a subpoena for documents under Rule 17(c) the requesting party "must clear three hurdles: (1) relevancy; (2) admissibility; (3) specificity.").

initial matter, the Court finds, that contrary to Defendant's argument in his Objection, Judge Klindt did not err in considering the Nixon factors in ruling on the Motion to Quash. Not only does Defendant fail to cite any authority that supports his position, but his argument is particularly unavailing as the United States Supreme Court established the Nixon factors in a decision reviewing "an order denying a motion to quash . . . ." See United States v. Nixon, 418 U.S. 683, 690 (1974). Indeed, in Nixon, the Supreme Court noted that Rule 17(c) authorizes a court to quash or modify a subpoena only if it is "unreasonable or oppressive." Id. at 698 ("A subpoena for documents may be quashed if their production would be 'unreasonable or oppressive,' but not otherwise."). The Court then discussed the characteristics of a proper Rule 17 subpoena noting that a party seeking production must show:

> (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.'

Id. at 699-700. With that background, the Court held that to overcome the motion to quash, the Nixon prosecutor, as the party seeking production "must clear three hurdles: (1) relevancy; (2) admissibility; and (3) specificity. See id. at 698-700. Applying this criterion to the subpoenas at issue in Nixon, the Supreme Court found that the subpoenaed tapes related to the offenses charged

in the indictment and contained admissible evidence with respect to the same. Id. at 700-701. The Court's decision also reflects the specificity of the requested tapes, memoranda, and other writings given that the Court described the subpoena as seeking information about "precisely identified meetings between the President and others." Id. at 688. The Court noted that the "special prosecutor was able to fix the time, place, and persons present at these discussions because the White House daily logs and appointment records had been delivered to him." Id. Having found that the subpoenas were sufficiently relevant, admissible, and specific, the Supreme Court concluded that "the District Court's denial of the President's motion to quash the subpoena was consistent with Rule 17(c)." Id. at 702. Thus, the Nixon decision itself establishes that a Court faced with a motion to quash a subpoena issued pursuant to Rule 17 properly turns to the Nixon factors in determining whether the subpoena should be quashed as "unreasonable or oppressive." See United States v. Thompson, 310 F.R.D. 542, 545 (S.D. Fla. 2015); see also United States v. Wittig, 250 F.R.D. 548, 551 (D. Kan. 2008).[4]

To the extent Defendant argues that "Judge Klindt should not have entertained the portions of the Motion to Quash [] that dealt with any grounds

[4] The Court notes that although decisions of other district courts are not binding, they may be cited as persuasive authority. See Stone v. First Union Corp., 371 F.3d 1305, 1310 (11th Cir. 2004) (noting that, "[a]lthough a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects").

other than unreasonable or oppressive," see Objection at 18, his objection simply misconstrues the ruling. Moreover, even if Defendant was correct in asserting that Judge Klindt could only grant the Motion to Quash on a finding that the portions of the subpoenas at issue were "unreasonable or oppressive," Judge Klindt made such a finding. Judge Klindt found that "the lack of specificity ties in to a degree with Non-parties' claims that compliance would be unreasonable or oppressive." August 20, 2021 Order at 9. In this regard, he noted that the Non-parties

> made certain representations that, if supported, confirm the problematic nature of the lack of specificity as to the requested groups of emails and documents: searching for them will be very time consuming and costly, and they are believed to be extremely voluminous.

Id.

With regard to whether the quashed subpoenas did in fact comply with Nixon, Defendant's assertions in the Objection lend further support to Judge Klindt's determination that the subpoenas did not satisfy the specificity prong. In the Objection, Defendant primarily reiterates why the requested information if found, would be relevant to his defense. See Objection at 10-13. In doing so, Defendant explains that "[t]he Darken Declaration specifically details why the information regarding Resonate is needed and the good faith reasons Defendant believes the information exists." Id. at 12. Further, "[i]f such information exits, Defendant has a right to see this information." Id.

However, issuing a subpoena under Rule 17(c) based on Defendant's good faith belief and the possibility that materials exist is not enough. Indeed, the authority Defendant relies on in the Objection acknowledges Rule 17(c) subpoenas should be issued "where the movant knows that the material sought exists and can identify it with specificity, even if he is ignorant of the exact content of the material." See United States v. Weisberg, No. 08-CR-347 NGG RML, 2011 WL 1327689, at *7 (E.D.N.Y. Apr. 5, 2011) (quoting United States v. W.R. Grace, 434 F. Supp. 2d 869, 873 (D. Mont. 2006)). Judge Klindt properly found that Defendant here made no such showing. Because Judge Klindt's decision to grant, in part, the Motion to Quash is neither clearly erroneous nor contrary to law, the Court will overrule the Objection.

Accordingly, it is

**ORDERED**:

Defendant's Partial Objection to Order on Non-parties, SharedLabs, Inc., Kishore Khandevalli, and Cesar Castillo's Motion to Quash Subpoenas Duces Tecum (Doc. 77) is **OVERRULED**.

**DONE AND ORDERED** in Jacksonville, Florida on April 1, 2022.

Marcia Morales Howard

**MARCIA MORALES HOWARD**
United States District Judge

lc28

Copies to:
Counsel of Record