# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

vs.                                         Case No.  3:20-cr-99(S1)-MMH-LLL

JASON CORY

_____

## O R D E R

**THIS CAUSE** is before the Court on Defendant Cory's Motion to Sever

Counts Five, Six, Seven, and Eight from the Superseding Indictment (Doc. 112;

Motion), filed April 12, 2022.  The government filed a response in opposition to

the Motion on April 26, 2022.  See United States' Memorandum Opposing the

Defendant's Motion to Sever Counts (Doc. 116; Response).  Accordingly, this

matter is ripe for review.

## I.    Background

On January 26, 2022, a federal grand jury returned an eight-count

Superseding Indictment (Doc. 97; Indictment) against Cory.  In Counts One

through Three of the Indictment, the government charges Cory with

committing wire fraud in violation of 18 U.S.C. §§ 1343, 1349, and 2.  See

Indictment at 1–6.  Specifically, the government alleges that Cory knowingly

participated in a scheme to defraud in which he used his position as the chief

executive officer of an information technology services company (IT Company) to make fraudulent payments from the IT Company and its subsidiary's bank accounts to a bank account held in the name of Gambit Matrix LLC (Gambit). Id. at 1–3.  The government further alleges that Gambit was a shell company that Cory created for the purpose of receiving the fraudulent payments.  Id. at 2–4.    According to the Indictment, Cory avoided detection by concealing his ownership interest in Gambit from board members and employees of the IT Company, creating fictitious owners of Gambit through false email accounts and social media profiles, making false statements when questioned about the payments, and falsifying a contract for consulting services Gambit never performed.  Id. at 4.  The government asserts that Cory engaged in this scheme from in or around March 2017 through in or around March 2019.  Id. at 2.  The government alleges three specific fraudulent payments, which occurred on November 19, 2018; December 26, 2018; and January 23, 2019.  Id. at 5–6.

In Count Four of the Indictment, the government charges Cory with committing an illegal monetary transaction in violation of 18 U.S.C. §§ 1957 and 2.  See Indictment at 6–7.  As to this charge, the government alleges that Cory used $11,630.30 of the fraudulent payments he received to purchase a Rolex watch.  Id.

In Count Five of the Indictment, the government charges Cory with subscribing to a false tax return in violation of 26 U.S.C. § 7206(1).   See

Indictment at 7. According to the government, on or about August 12, 2016, Cory subscribed to and filed a 2015 Individual Income Tax Return, Form 1040, when he knew that the amount of total income reported on the form was false. <u>Id.</u> In Counts Six through Eight of the Indictment, the government charges Cory with failure to file tax returns in violation of 26 U.S.C. § 7203. <u>See</u> Indictment at 7–8. Specifically, the government alleges that Cory failed to file income tax returns for the years 2016, 2017, and 2018, while knowing that the law required him to file tax returns. <u>Id.</u> In the Motion, Cory asks the Court to sever Counts Five through Eight of the Indictment from the first four counts. <u>See</u> Motion at 1.

## II.  Legal Standard

Rule 8(a) of the Federal Rules of Criminal Procedure (Rule(s)) governs joinder of offenses when an indictment charges a single defendant. The Rule permits the government to charge two or more offenses in the same indictment "if the offenses charged—whether felonies or misdemeanors or both—are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Rule 8(a). The Eleventh Circuit instructs that Rule 8 is to be broadly construed in favor of joinder. <u>See</u> <u>United States v. Dominguez</u>, 226 F.3d 1235, 1238 (11th Cir. 2000) (citing <u>United States v. Weaver</u>, 905 F.2d 1466 (11th Cir. 1990)). To determine whether initial joinder is proper, a court looks to the allegations on the face of

the indictment.  Id. at 1238–41.  However, a court also may consider the representations of the government supporting joinder where the indictment does not explicitly state the connection between the charges.  See id. at 1241–42.

## III.  Analysis

Cory argues that Counts Five through Eight are not properly joined with Counts One through Four under Rule 8(a).[1]  See Motion at 1.  Cory contends that Counts Five through Eight do not arise out of the same acts or transactions as Counts One through Four and are not connected with a common scheme or plan.  See id. at 6–7.  Cory also argues that Counts One through Four and

---

[1] Although Rule 14 grants the Court the authority to order separate trials "[i]f the joinder of offenses . . . appears to prejudice a defendant," Rule 14(a), Cory cites only to Rule 8(a) in his Motion, see Motion at 1, 5.  Despite only citing to Rule 8, Cory does mention prejudice.  He asserts that joinder will necessitate a "mini trial" that "will cause prejudice that cannot be obviated by a limiting instruction."  Id. at 4–5, 7–8.  To the extent that Cory intends to invoke Rule 14 through this allegation of prejudice, his argument is unavailing.  In United States v. Walser, the Eleventh Circuit affirmed that "some prejudice" is not sufficient to mandate severance; instead, the defendant carries a heavy burden to go beyond mere conclusory allegations and show that he would receive an unfair trial and suffer compelling prejudice.  3 F.3d 380, 386 (11th Cir. 1993).  Regarding requests to sever joint trials, the Supreme Court has stated that, because limiting instructions are usually sufficient to cure any prejudice, "severances need be granted only if there is a serious risk that a joint trial would either 'compromise a specific trial right of one of the defendants' or 'prevent the jury from making a reliable judgment about guilt or innocence' even if limiting instructions are given."  United States v. Lopez, 649 F.3d 1222, 1234–35 (11th Cir. 2011) (quoting Zafiro v. United States, 506 U.S. 534, 539 (1993)) (other citations omitted).  Here, Cory's vague assertion of prejudice falls far short of showing specific, compelling prejudice that would require severance pursuant to Rule 14.  See United States v. Miller, 255 F.3d 1282, 1289 (11th Cir. 2001) (finding that defendant's "general allegation of some prejudice" did not meet the "heavy burden of demonstrating . . . 'specific and compelling prejudice as a result of the denial of severance'").  Cory gives no reason why the jury would be incapable of following appropriate instructions.  Therefore, the Court will focus its discussion on Rule 8.

Counts Five through Eight "exist independent of each other, did not cause each other, and share very few, if any, common facts, and the criminal intent behind each is different." Id. at 11. Cory emphasizes that the conduct alleged in Count Five occurred six months before the alleged wire fraud scheme "and more than two years before the individually charged wire fraud counts and did not cause either of those." Id. at 9. Cory asserts that Counts Five through Eight cannot be part of a common scheme or plan with Counts One through Four because the government would not have to prove the conduct alleged in Counts One through Four to prove the elements of the offenses charged in Counts Five through Eight. See id. at 11–12. According to Cory, the key fact for the tax offenses is that he allegedly received income that he did not report to the IRS. Id. at 7–8. Cory maintains that "[a]ny other proof regarding where the money came from or how it was acquired would be irrelevant to the crimes charged, and require a separate, mini trial within the larger trial that would prejudice Mr. Cory and produce unnecessary delay." Id.

In its Response, the government argues that all of the counts in the Indictment "are connected through a common scheme or plan." Response at 1–2. The government contends that the offenses all arise from Cory's "alleged improper diversion of corporate monies to himself through the Gambit account." Id. at 4. The government maintains that how Cory acquired money for Gambit and, ultimately, himself is relevant to all of the counts. See id. at 6–7.

The Eleventh Circuit has instructed that, in a complex case, the government may join separate charges "as long as they arise out of the same underlying conduct." United States v. Annamalai, 939 F.3d 1216, 1223 (11th Cir. 2019). In Annamalai, a grand jury charged the defendant, the operator of a Hindu temple, with thirty-four offenses, including bank fraud, filing a false federal income tax return, bankruptcy fraud, money laundering, making a false statement in writing, obstruction of justice, making false statements under oath in a bankruptcy proceeding, and conspiracy to harbor a fugitive. See id. at 1221–22. The defendant argued that joinder of these various offenses was improper under Rule 8(a). See id. The Eleventh Circuit rejected the contention, noting that all of the charged offenses arose from the defendant's operation of the temple. See id. at 1223. The court concluded,

> The indictment alleged that Mr. Annamalai defrauded followers of the Hindu Temple, misled the financial institutions that charged those followers, moved the fraud proceeds (proceeds which he failed to report on his income tax return) to a foreign bank account, improperly concealed property belonging to the Hindu Temple's bankruptcy estate, committed money laundering with the proceeds of that bankruptcy fraud, and committed a number of illegal acts related to the criminal investigation into his fraudulent activities (submitting a false document to the IRS, obstructing justice, providing false statements under oath, and conspiring to conceal a fugitive). All of these claims arose out of and were connected to the same general fraudulent scheme.

Id.

Here, the Court finds that joinder is proper because the offenses charged in the Indictment "are connected with or constitute parts of a common scheme or plan."  Rule 8(a).  Like the offenses charged in <u>Annamalai</u>, the charged offenses here all arise from the same general fraudulent scheme involving Gambit.  <u>See</u> 939 F.3d at 1223.  Although the face of the Indictment does not reveal the connection between Counts One through Four and Counts Five through Eight, the government made representations in its Response which demonstrate the propriety of joinder.  <u>See</u> <u>Dominguez</u>, 226 F.3d at 1241–42 (noting that, when faced with a Rule 8 motion, a prosecutor may proffer evidence establishing a connection between the charged offenses).  The government alleges that Cory used Gambit and its bank account to defraud his employers and to hide the fraudulently obtained income.  <u>See</u> Response at 4.  In Counts One through Three, the government asserts that Cory engaged in fraud so that his employer would make payments to Gambit, which were in effect payments to Cory.  <u>See</u> Indictment at 1–6; Response at 6–7.  In Count Four, the government alleges that Cory used the proceeds from his fraud involving Gambit to purchase a Rolex watch.  <u>See</u> Indictment at 6–7.  With regard to Count Five, the government represents that Cory hid income from Gambit by filing a false 2015 tax return.  <u>See</u> Response at 6; Indictment at 7.  Notably, according to the government, Cory received the income he sought to hide through Gambit by defrauding his employer.  <u>See</u> Response at 6.  The

- 7 -

government also asserts that it will introduce evidence of Cory's fraud involving Gambit in 2015 to assist in proving the fraud charged in Counts One through Three. See id. at 3 n.1. And, with regard to Counts Six through Eight, the government contends that Cory attempted to hide his fraudulently obtained income from Gambit by failing to file tax returns. See id. at 7; Indictment at 7–8. Thus, Cory's alleged fraudulent scheme connects all of the charged offenses.

Given the government's theory of the case, the government must demonstrate Cory's ownership and control of Gambit's bank account to prove each of the charged offenses. See United States v. Montes-Cardenas, 746 F.2d 771, 776 (11th Cir. 1984) ("Two crimes are 'connected' together if the proof of one crime constitutes a substantial portion of the proof of the other."). Cory contends that the government does not have to show his connection to Gambit in order to prove each element of the charged tax offenses. See Motion at 7–8, 11–12. While Cory may be correct in the abstract, the government represents that it intends to prove the tax offenses by demonstrating that Cory received income from his alleged fraud involving Gambit. See Response at 6–9. Cory's involvement in causing his employers to pay Gambit may be relevant to establishing Cory's control over Gambit's bank account. See id. at 7.

In addition, how Cory earned the money may be relevant to the issues of motive and willfulness. According to the government, the alleged fraudulent scheme with Gambit provided the motive for the tax offenses charged in Counts

Five through Eight.  See id. at 7–8.  The Eleventh Circuit has found that "the fact that one illegal activity provides the impetus for the other illegal activity is sufficient to constitute a common scheme for joinder purposes."  Dominguez, 226 F.3d at 1239, 1242 (holding that joinder of drug conspiracy charges with mortgage fraud charges was proper under Rule 8(a) when "[c]oncealing income from the drug activity was the motive for the mortgage fraud"); see also United States v. Kopituk, 690 F.2d 1289, 1314 (11th Cir. 1982) (holding that tax offenses were properly joined with non-tax offenses under Rule 8(b) when "the filing of false income tax returns operated to maximize the benefits enjoyed as a result of their participation in the conspiracy and, of course, facilitated their efforts to avoid detection").[2]  Therefore, the Court finds that the offenses charged in the Indictment are properly joined pursuant to Rule 8(a).

## IV.   Conclusion

Because the offenses charged in the Indictment are connected with a common scheme or plan, joinder is proper under Rule 8(a).  The Court anticipates that any potential for prejudice may be remedied by instructing the jury that it must "give separate consideration . . . to each separate charge."

---

[2] Although the court in Kopituk was applying Rule 8(b), its reasoning is applicable here because the analysis under Rule 8(a) and Rule 8(b) is "more or less the same" except for the broader language of "same or similar character" in Rule 8(a).  Kopituk, 690 F.2d at 1312; see Dominguez, 226 F.3d at 1239 & n.4 (noting in a case involving a "common scheme or plan" that, "for the purposes of our discussion of Rule 8(a), the governing principles are the same" as Rule 8(b)).

<u>Zafiro</u>, 506 U.S. at 541.   Further, a joint trial appropriately advances the interests of judicial economy and administration, without compromising Cory's rights.   Therefore, the Motion is due to be denied.   Accordingly, it is

**ORDERED:**

Defendant Cory's Motion to Sever Counts Five, Six, Seven, and Eight from the Superseding Indictment (Doc. 112) is **DENIED**.

**DONE AND ORDERED** in Jacksonville, Florida, on June 16, 2022.

**MARCIA MORALES HOWARD**
United States District Judge

lc30
Copies to:

Counsel of Record