FILED IN OPEN COURT

9/23/2022

CLERK, U. S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

    v.                         CASE NO. 3:20-cr-99(S2)-MMH-LLL

JASON CORY

## PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by Roger B. Handberg, United States Attorney for the Middle District of Florida, and the United States Department of Justice, Tax Division (hereinafter collectively the "Offices" or the "United States") and the defendant, JASON CORY, and the attorneys for the defendant, Todd Foster, Esq., Kevin J. Darken, Esq., and Matthieu S. Goddeyne, Esq., mutually agree as follows:

**A.**   **Particularized Terms**

    1.   **Count Pleading To**

The defendant shall enter a plea of guilty to Count One of the Superseding Information. Count One charges the defendant with tax evasion, in violation of 26 U.S.C. § 7201.

    2.   **Maximum Penalties**

Count One carries a maximum sentence of not more than five years imprisonment, a fine of not more than $250,000, or both imprisonment and a fine, a term of supervised release of not more than three years, and a mandatory special

Defendant's Initials _____                        AF Approval _MT_

assessment of $100, said special assessment to be due on the date of sentencing.  A violation of the terms and conditions of supervised release carries a maximum sentence of two years of imprisonment as well as the possibility of an additional term of supervised release.

With respect to certain offenses, the Court shall order the defendant to make restitution to any victim of the offense, and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offense, or to the community, as set forth below.

3.    **Elements of the Offense**

The defendant acknowledges understanding the nature and elements of the offense with which defendant has been charged and to which defendant is pleading guilty.  The elements of Count One are:

<u>First</u>:        The defendant knowingly attempted to evade or defeat a tax or the payment thereof;

<u>Second</u>:    The attempt to evade or defeat a tax resulted in an additional tax due and owing; and

<u>Third</u>:        The defendant acted willfully.

4.    **Indictment Dismissed**

At the time of sentencing, the original Indictment and Superseding Indictment against the defendant will be dismissed pursuant to Fed. R. Crim. P. 11(c)(1)(A).

Defendant's Initials _____        2

5. **No Further Charges**

If the Court accepts this plea agreement, the Offices agree not to charge defendant with committing any other federal criminal offenses known to the United States at the time of the execution of this agreement, related to the conduct giving rise to this plea agreement.

6. **Guidelines Sentence**

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States and the defendant agree that, although not binding on the United States Probation Office or the Court, they will jointly recommend that the Court make the following findings and conclusions as to the sentence to be imposed.

    a.    The defendant's base offense level is twenty (20), in accordance with USSG § 2T4.1, because the total tax loss was between $550,000 and $1,500,000;

    b.    The defendant's offense level shall be increased by two (2) levels pursuant to USSG § 2T1.1(b)(1) because the defendant failed to report or to correctly identify the source of income exceeding $10,000 in any year from criminal activity;

    c.    The defendant's offense level shall be increased by two (2) levels pursuant to USSG § 2B1.1(b)(10) because the offense otherwise involved sophisticated means and the defendant intentionally engaged in or caused the conduct constituting sophisticated means; and

Defendant's Initials _____        3

d.   The defendant's offense level shall not be increased pursuant to USSG § 3B1.3 for the defendant's abusing a position of public or private trust in a manner that significantly facilitated the commission and concealment of the offense.

The parties understand that such recommendations are not binding on the Court and that, if it is not accepted by this Court, neither the United States nor the defendant will be allowed to withdraw from the plea agreement, and the defendant will not be allowed to withdraw from the plea of guilty.

7.   **Restitution and Taxes - Payment and Cooperation**

Pursuant to 18 U.S.C. § 3663 and 3663A(a) and (b), the defendant voluntarily agrees to make full restitution to the United States Department of the Treasury and its agency, the Internal Revenue Service ("IRS").  Notwithstanding the defendant's agreement to plead to a single count of violating 26 U.S.C. § 7201 arising from the 2018 tax year, the defendant expressly agrees to pay restitution to the IRS in the total amount of $606,195, pursuant to 18 U.S.C. § 3663(a)(3).

a.   The total amount of restitution consists of the following amounts, which reflect the actual tax loss of each of the following years:

2015: $242,046

2016: $139,767

2017: $118,796

2018: $105,586

Defendant's Initials _____          4

b.   The defendant agrees that the total amount of restitution reflected in this agreement results from the defendant's fraudulent conduct. The defendant agrees to pay Title 26 interest on the restitution amount; interest runs from the last date prescribed for payment of the relevant tax liability until the IRS receives payment in full. The United States will provide an updated interest figure at sentencing.

c.   The defendant agrees that restitution is due and payable immediately after the judgment is entered and is subject to immediate enforcement, in full, by the United States. If the Court imposes a schedule of payments, the defendant agrees that the schedule of payments is a schedule of the minimum payment due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full. The IRS will use the amount of restitution ordered as the basis for a civil assessment under 26 U.S.C. § 6201(a)(4). The defendant does not have the right to challenge the amount of this restitution-based assessment. *See* 26 U.S.C. § 6201(a)(4)(C). Neither the existence of a restitution payment schedule nor defendant's timely payment of restitution according to that schedule will preclude the IRS from immediately collecting the full amount of the restitution-based assessment.

Defendant's Initials _____          5

d. The defendant is entitled to receive credit for restitution paid pursuant to this plea agreement against those assessed civil tax liabilities due and owing for the same periods for which restitution was ordered. The defendant understands and agrees that the plea agreement does not resolve the defendant's civil tax liabilities, that the IRS may seek additional taxes, interest and penalties from the defendant relating to the conduct covered by this plea agreement and for conduct relating to another time period, and that satisfaction of the restitution debt does not settle, satisfy, or compromise the defendant's obligation to pay any remaining civil tax liability. The defendant authorizes release of information to the IRS for purposes of making the civil tax and restitution-based assessments.

e. The defendant understands that he is not entitled to credit with the IRS for any payment until the payment is received by the IRS.

f. If full payment cannot be made immediately, the defendant agrees to make a complete and accurate financial disclosure to the IRS on forms prescribed by the IRS (including, but not limited to, IRS Form 433-A and Form 433-B, as appropriate), and to disclose to the IRS any and all additional financial information and financial statements provided to the probation

Defendant's Initials _____                    6

office. The defendant also agrees to provide the above-described information to the probation office.

g.   If the defendant makes a payment of the restitution as set forth above prior to sentencing, the payment will be applied as a credit against the restitution ordered.

h.   The defendant agrees to send all payments made pursuant to the court's restitution order to the Clerk of the Court at an address to be provided.

i.   With each payment to the Clerk of the Court made pursuant to the District Court's restitution order, the defendant will provide the following information:

    i.   The defendant's name and Social Security number;

    ii.   The District Court and the docket number assigned to this case;

    iii.   Tax year(s) or period(s) for which restitution has been ordered; and

    iv.   A statement that the payment is being submitted pursuant to the District Court's restitution order.

j.   The Defendant agrees to include a request that the Clerk of the Court send the information, along with the defendant's payments, to the IRS address below:

Defendant's Initials ___

IRS – RACS
Attn: Mail Stop 6261, Restitution
333 Pershing Ave.
Kansas City, MO 64108

k.    Defendant also agrees to send a notice of any payments made

pursuant to this agreement, including the information listed in

the previous paragraph, to the IRS at the following address:

IRS - RACS
Attn: Mail Stop 6261, Restitution
333 W. Pershing Ave.
Kansas City, MO 64108

l.    The defendant will cooperate with the U.S. Attorney's Office,

and with law enforcement agents as directed by the U.S.

Attorney's Office, as follows:

i.    Defendant will make a good faith effort to pay any fine,

forfeiture, or restitution ordered by the Court.

ii.    Before or after sentencing, the defendant will provide,

upon request by the Court, the U.S. Attorney's Office, the

U.S. Department of Justice, Tax Division, or the U.S.

Probation Office, in whatever form requested, accurate

and complete financial information, and will submit sworn

statements and give depositions under oath concerning all

assets and the defendant's ability to pay.

iii.    The defendant will surrender and release any assets,

money, or other property, whether or not derived from the

Defendant's Initials           8

commission of crimes, as well as any information about said assets, in order to satisfy any fine, forfeiture or restitution order entered by the Court. This includes signing any waivers, consents, or releases required by third parties.

iv.  The defendant will identify any transfer of assets made for the purpose of evading or defeating financial obligations, and refrain from making any such transfers.

v.  If required to pay restitution, the defendant will immediately commence the sale of any properties that the defendant owns and apply the proceeds of those sales to any order of restitution. The defendant will take any and all reasonable actions requested by the United States to facilitate payment of restitution.

8.  **<u>Acceptance of Responsibility - Three Levels</u>**

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG §3E1.1(a). The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Defendant's Initials _____        9

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG §3E1.1(b) and all terms of this plea agreement, including, but not limited to, the timely submission of the financial affidavit referenced in Paragraph B.5., the United States agrees to file a motion pursuant to USSG § 3E1.1(b) for a downward adjustment of one additional level. The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

**B.      Standard Terms and Conditions**

    **1.      Restitution, Special Assessment and Fine**

The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, <u>shall</u> order the defendant to make restitution to any victim of the offense, pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1); and the Court may order the defendant to make restitution to any victim of the offense, pursuant to 18 U.S.C. § 3663, including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement. The defendant further understands that compliance with any restitution payment plan imposed by the Court in no way precludes the United States from simultaneously

Defendant's Initials _____          10

pursuing other statutory remedies for collecting restitution (28 U.S.C. § 3003(b)(2)),
including, but not limited to, garnishment and execution, pursuant to the Mandatory
Victims Restitution Act, in order to ensure that the defendant's restitution obligation
is satisfied.

On each count to which a plea of guilty is entered, the Court shall
impose a special assessment pursuant to 18 U.S.C. § 3013. The special assessment is
due on the date of sentencing.

The defendant understands that this agreement imposes no limitation as
to fine.

## 2.   **Supervised Release**

The defendant understands that the offense to which the defendant is
pleading provides for imposition of a term of supervised release upon release from
imprisonment, and that, if the defendant should violate the conditions of release, the
defendant would be subject to a further term of imprisonment.

## 3.   **Immigration Consequences of Pleading Guilty**

The defendant has been advised and understands that, upon conviction,
a defendant who is not a United States citizen may be removed from the United
States, denied citizenship, and denied admission to the United States in the future.

## 4.   **Sentencing Information**

The United States reserves its right and obligation to report to the Court
and the United States Probation Office all information concerning the background,
character, and conduct of the defendant, to provide relevant factual information,

Defendant's Initials _____                    11

including the totality of the defendant's criminal activities, if any, not limited to the count to which the defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

### 5.   **Financial Disclosures**

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United States Attorney's Office within 30 days of execution of this agreement an affidavit reflecting the defendant's financial condition. The defendant promises that his financial statement and disclosures will be complete, accurate and truthful and will include all assets in which he has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, dependent, nominee or other third party. The defendant further agrees to execute any documents requested by the United States needed to obtain from any third parties any records of assets owned by the defendant, directly or through a nominee, and, by the execution of this plea agreement, consents to the release of the defendant's tax returns for the previous five years. The defendant similarly agrees and authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the

Defendant's Initials _____               12

purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court. The defendant expressly authorizes the United States Attorney's Office to obtain current credit reports in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

6.  **Sentencing Recommendations**

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office. Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the United States regarding any recommendations by the United States are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement. The United States expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the United States' recommendations contained herein.

Defendant's Initials _____    13

**7.      Defendant's Waiver of Right to Appeal the Sentence**

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the United States exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

**8.      Scope of Agreement**

It is further understood that this agreement is limited to the Offices and cannot bind other federal, state, or local prosecuting authorities, although the Offices will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

**9.      Filing of Agreement**

This agreement shall be presented to the Court, in open court or <u>in camera</u>, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

Defendant's Initials _____        14

10. **Voluntariness**

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the United States and the defendant and defendant's attorneys and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any). The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be

Defendant's Initials _____        15

adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

### 11.   Factual Basis

Defendant is pleading guilty because defendant is in fact guilty.  The defendant certifies that defendant does hereby admit that the facts set forth in the attached "Factual Basis," which is incorporated herein by reference, are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.  The factual basis is prepared by the United States and does not include all of the facts relevant to the defendant's involvement in the crime to which the defendant is pleading guilty and other illegal activities in which the defendant may have been involved.

### 12.   Entire Agreement

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorneys with regard to such guilty plea.

Defendant's Initials _____        16

13. **Certification**

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this _2nd_ day of ~~August~~ September, 2022.

ROGER B. HANDBERG
United States Attorney

JASON CORY
Defendant

David B. Mesrobian
Assistant United States Attorney

Todd Foster, Esq.
Kevin J. Darken, Esq.
Matthieu S. Goddeyne, Esq.
Attorneys for Defendant

Kelly S. Karase
Assistant United States Attorney
Deputy Chief, Jacksonville Division

Richard J. Hagerman
Trial Attorney
Department of Justice, Tax Division

Defendant's Initials _____

17

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                                        CASE NO. 3:20-cr-99(S2)-MMH-LLL

JASON CORY

## PERSONALIZATION OF ELEMENTS

1.      For tax year 2018, did you generate hundreds of thousands of
        dollars in income through both legitimate and illegitimate
        means?

2.      During tax year 2018, did you cause payments of illegitimate
        income to be made to a bank account held in the name of a shell
        company you controlled, at least in part to attempt to conceal
        your income from the Internal Revenue Service?

3:      Did you create and disseminate a false Form W-9 Request for
        Taxpayer Identification Number and Certification for the shell
        company you controlled, at least in part in order to evade the
        assessment and payment of tax on your income?

4:      Did your attempts to evade or defeat a tax or the payment thereof
        result in additional federal income taxes due and owing to the
        Internal Revenue Service for tax year 2018?

5:      Did you do these acts willfully, meaning that these acts were
        committed voluntarily and purposefully?

Defendant's Initials _____          18

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                        CASE NO. 3:20-cr-99(S2)-MMH-LLL

JASON CORY

### **FACTUAL BASIS**

The Internal Revenue Service ("IRS") is an agency of the United States Department of the Treasury responsible for the assessment, ascertainment, computation, and collection of federal income taxes, including individual income taxes. United States citizens and others who made a certain amount of income had an obligation to prepare and file federal income tax returns disclosing, among other information, the filer's true income. Individual taxpayers used an IRS Form 1040, "U.S. Individual Income Tax Return" ("Form 1040") to report their individual federal tax information.

Relevant to this Information, during the 2015 and 2016 tax years, JASON CORY worked in Jacksonville, in the Middle District of Florida, as a manager at an information technology services company headquartered in New York ("IT Company 1"). During the 2017, 2018, and 2019 tax years, CORY worked as the Chief Executive Officer ("CEO") of another information technology services company based in Jacksonville, in the Middle District of Florida ("IT Company 2"). Both IT Company 1 and IT Company 2 provided services related to computer coding, data hosting, and/or software development to its clients.

Defendant's Initials                     19

Unrelated to his employment at either IT Company 1 or IT Company 2, CORY established an entity named Gambit Matrix, LLC ("Gambit Matrix") in or about January 2015, when he registered it as a limited liability company in the state of Florida.  Gambit Matrix never performed any substantive business activities, and was dissolved as a Florida limited liability company in or about September 2016.

In or about June 2015, CORY opened bank accounts in the name of Gambit Matrix at a bank within the Middle District of Florida.  At all times relevant to the Information, CORY was the sole signatory and controlled the Gambit Matrix bank accounts.  CORY used Gambit Matrix and its accounts as a disregarded shell entity to conceal income from the IRS.

While employed at IT Company 1, CORY caused it to enter into contracts for services to be provided by a company with which he had a prior business relationship (the "Related Entity").  During the course of his employment at IT Company 1, CORY caused IT Company 1 to make payments in excess of $1.5 million to the Related Entity for purported services.  The Related Entity transferred a majority of those funds into a Gambit Matrix bank account, which CORY then used for his personal benefit.  CORY's employment with IT Company 1 ended after it learned of his prior business relationship with the Related Entity.

During tax year 2015, CORY received and deposited $742,934 in income into the Gambit Matrix bank account.  He filed a Form 1040 for the 2015 tax year, on which he reported the legitimate wages earned from IT Company 1 as well as rental income, but knowingly omitted the income he received via Gambit Matrix

Defendant's Initials _____                20

for the purpose of evading the assessment and collection of federal income taxes.  In tax year 2015, CORY willfully evaded $242,046 in federal income taxes.

During tax year 2016, CORY received and deposited $391,650 in income into a Gambit Matrix bank account, including $291,650 in transfers from IT Company 1 via the Related Entity and $100,000 from another source.  CORY knowingly failed to file a Form 1040 for the 2016 tax year for the purpose of evading the assessment and collection of federal income taxes, thus willfully evading $139,767 in federal income taxes.

CORY then helped found IT Company 2 in or about January 2017.  He served as its CEO, for which he was compensated with a significant salary, bonuses, and benefits.  At times relevant to the Information, CORY was also able to direct wire transfers to be sent out of IT Company 2's corporate bank account, as well as an account belonging to one of its subsidiaries.  Starting in 2017, and continuing through 2019, CORY caused hundreds of thousands of dollars to be sent from IT Company 2 to Gambit Matrix under the false pretense that the payments made by IT Company 2 were in exchange for Gambit Matrix's consulting services.  In reality, CORY controlled the Gambit Matrix shell entity and its bank accounts, and there was no justification for the payments.  CORY used the funds he obtained through the scheme to defraud to pay for personal expenses such as rent, credit card bills, shopping, and club memberships.  To conceal the scheme and evade the assessment and payment of tax on his income, CORY made false representations to directors and employees of IT Company 2, invented fictitious owners of Gambit Matrix to

Defendant's Initials _____        21

conceal his control of that corporate shell, and falsified documents and emails, including an IRS Form W-9 Request for Taxpayer Identification Number and Certification for Gambit Matrix, which CORY signed using the name of one of its fictitious owners and provided to IT Company 2.

During tax year 2017, CORY received and deposited $302,963 in income into the Gambit Matrix bank account, most of which was derived from the above-described scheme to defraud IT Company 2.  CORY knowingly failed to file a Form 1040 for the 2017 tax year for the purpose of evading the assessment and collection of federal income taxes, thus willfully evading $118,796 in federal income taxes.

During tax year 2018, CORY received and deposited $206,549 in income into the Gambit Matrix bank account derived from the above-described scheme to defraud IT Company 2.  CORY knowingly failed to file a Form 1040 for the 2018 tax year for the purpose of evading the assessment and collection of federal income taxes, thus willfully evading $105,586 in federal income taxes.

In total for tax years 2015, 2016, 2017, and 2018, CORY willfully evaded $606,195 in federal income taxes, more than $10,000 of which was derived from criminal activity.

Defendant's Initials _____      22